EXUM FUTRELL, *et al* v. HENRY SPIVEY, Adm'r.

Where a rule was served upon a plaintiff to justify his security for the prosecution of a suit, or to give other, and he failed to do so by the required time, whereupon the suit was dismissed; *Held,* that the refusal of the Judge to accept a bond subsequently tendered, is not subject to review.

MOTION to dismiss, heard by *Watts, J.,* at Spring Term 1869 of the Superior Court of NORTHAMPTON.

FUTRELL v. SPIVEY.

On Tuesday of the first week of the term a rule was taken upon the plaintiffs to justify their security for the prosecution of the action, or to give other security. The plaintiffs failed to do either, and the defendant's counsel having stated that the plaintiffs were bankrupt and their sureties insolvent, without contradiction from the counsel for the plaintiffs, on motion, the action was dismissed.

Subsequently the plaintiff's counsel tendered a sufficient bond, and moved the Court to accept the same, and set aside the order of dismissal, which was refused, whereupon the plaintiffs appealed.

*Peebles & Peebles*, and *Conigland*, for the appellants.
*Bragg, contra.*

READE, J. The case is considered by us upon the record and the Judge's case as signed by him and certified by the Clerk, and not upon the loose paper purporting to be a statement of the case by the appellant, which is not certified. We may say however, that our decision would be the same if we had put it upon the appellant's statement.

The plaintiff had had a day in Court to justify the security for the prosecution of the suit, or to give other; and upon his failing to do either, it was proper that the suit should be dismissed. After it had been dismissed, whether his Honor would allow the plaintiff further time or accept a bond subsequently tendered, was a matter of discretion which we can not review.

PER CURIAM.                                        No Error.